UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL HAMBLIN <br> 13 Hammann Drive <br> Amelia, OH 45102 <br><br> Plaintiff, <br><br> v. <br><br> CREDIT COLLECTION SERVICES, INC. <br> 2 Wells Avenue <br> Newton, MA 02459 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, MICHAEL HAMBLIN ("Plaintiff"), through his attorneys, Jack S. Malkin, Esq., alleges the following against Defendant, CREDIT COLLECTION SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

1

5. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Amelia, Clermont County, Ohio.

8. Plaintiff is a consumer as that term is defined by the FDCPA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

10. Defendant is a debt collector as that term is defined by the FDCPA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency with a principal office located in Boston, Massachusetts.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

15. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

16. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff, allegedly arising from Plaintiff's medical procedure.

20. The alleged debt at issue arises from transactions for personal, family, and household purposes.

21. In or around June 2020, Plaintiff noticed that Defendant was reporting on his credit report.

22. On or about June 28, 2020, Plaintiff sent a certified letter to Defendant. *See* Plaintiff's letter to Defendant, attached hereto as Exhibit A.

23. In the above-referenced letter:

    a. Plaintiff requested for verification of the alleged debt;

    b. Plaintiff disputed the validity of any alleged debt that Defendant was attempting to collect; and

    c. Plaintiff expressly revoked consent for Defendant to contact Plaintiff.

    *See* Exhibit A.

24. Within the past year of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff on Plaintiff's cellular telephone at xxx-xxx-6552, in an attempt to collect the alleged debt.

25. Defendant calls Plaintiff from various numbers, including but not limited to 781-694-9000, which is one of Defendant's telephone numbers.

26. On or about September 4, 2020 at approximately 11:50 a.m., Defendant called Plaintiff

from 844-682-4502

27. On or about September 4, 2020 at approximately 1:19 p.m., Defendant again called Plaintiff from 844-682-4502.

28. On or about September 11, 2020 at approximately 2:11 p.m., Defendant called Plaintiff from 781-694-9000.

29. On or about September 16, 2020 at approximately 11:50 a.m., Defendant called Plaintiff from 844-682-4502.

30. On or about September 25, 2020 at approximately 12:29 p.m., Defendant called Plaintiff from 781-694-9000.

31. On or about September 25, 2020 at approximately 12:29 p.m., Plaintiff answered Defendant's call and spoke with Defendant's female collector, Ashleigh Spinelli ("Ashleigh").

32. During the conversation with Ashleigh:

    a. Plaintiff advised Ashleigh that he sent a certified letter to Defendant demanding for validation of the alleged debt and for Defendant to cease contacting Plaintiff;

    b. Ashleigh falsely represented that she would put a note in Defendant's system to stop contacting Plaintiff; and

    c. Plaintiff advised Ashleigh that he is represented by Agruss Law Firm and provided contact information for the same.

33. On or about January 27, 2021, Defendant sent a letter to Plaintiff in an attempt to collect the alleged debt. *See* Debt Collection Letter, attached hereto as Exhibit B.

34. On or about January 28, 2021 at approximately 12:21 p.m., Defendant called Plaintiff from 781-694-9000.

35. When Plaintiff answered the above-mentioned call, Defendant's collector immediately disconnected the call.

36. On or about January 28, 2021 at approximately 1:44 p.m., a little over an hour since Defendant last called Plaintiff, Defendant called again from a different number 800-845-6167.

37. On or about January 28, 2021 at approximately 1:44 p.m., Plaintiff answered Defendant's call and spoke with Defendant's collector, Katie.

38. During the conversation with Katie:

    a. Katie stated that she was calling on behalf of LapCorp for a past due balance of $152.64;

    b. Plaintiff asked Katie for the name of the company that she worked for and Katie refused to provide Plaintiff with the information;

    c. Plaintiff informed Katie that he sent a cease-and-desist letter to Defendant; and

    d. Katie stated that she would transfer Plaintiff to the billing department and during the "transfer" the call was disconnected.

39. On or about February 11, 2021 at approximately 2:32 p.m., Defendant called Plaintiff from 781-694-9000.

40. On or about February 11, 2021 at approximately 2:32 p.m., Plaintiff answered Defendant's call. When Plaintiff answered, there was about a 30-second pause before Plaintiff was transferred to Defendant's female collector, Megan Emerson ("Megan").

41. During the conversation with Megan, Plaintiff again provided Megan with Agruss Law Firm's contact information.

42. Despite Plaintiff's repeated requests for Defendant to stop calling him, Defendant

5

continued to call Plaintiff's telephone unabated.

43. Despite Plaintiff's written dispute of the debt, Defendant continued to place collection calls to Plaintiff's telephone.

44. None of the telephone calls Defendant made to Plaintiff were for an emergency purpose.

45. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

46. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

47. During at least one conversation, Defendant learned that Plaintiff was represented by an attorney in regard to the alleged debt.

48. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

49. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

50. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

51. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

52. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages for Plaintiff on Plaintiff's cellular telephone.

53. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

54. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call stored telephone numbers automatically.

55. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

56. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

57. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

58. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

59. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

60. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

61. Plaintiff repeats and re-alleges paragraphs one (1) through sixty (60) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

62. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692c(a)(2) of the FDCPA by communicating with the Plaintiff after the Defendant knows the consumer is represented by an attorney with respect to such debt, when Defendant continued to place collection calls to Plaintiff after Defendant knew Plaintiff was represented by counsel;

   b. Defendant violated § 1692c(c) of the FDCPA by failing to cease communication

with Plaintiff when Plaintiff notified Defendant in writing that the Plaintiff refused to pay a debt or that Plaintiff wishes that Defendant ceases call communication with Plaintiff, when Defendant continued to call Plaintiff after Plaintiff sent a cease-and-desist letter to Defendant;

c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant placed collection calls to Plaintiff after Plaintiff disputed owing the alleged debt and when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him;

d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested for Defendant to stop calling him;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant created the false impression it was permitted to call Plaintiff unabated despite his request for Defendant to stop calling him and when Defendant's female collector falsely represented that she would make a note in Defendant's system to not call Plaintiff;

f. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's written dispute of the validity of the alleged debt and continuing to assume the validity of

8

   the alleged debt, when Defendant continued to call and harass Plaintiff in an attempt to collect the alleged debt;

g. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff orally disputed owing the alleged debt; and

h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, MICHAEL HAMBLIN respectfully requests judgment be entered against Defendant, CREDITORS COLLECTION SERVICE, INC., for the following:

63. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

64. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

65. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

66. Plaintiff repeats and re-alleges paragraphs one (1) through sixty (60) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

67. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an

9

automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MICHAEL HAMBLIN, respectfully requests judgment be entered against Defendant, CREDITORS COLLECTION SERVICE, INC., for the following:

68. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

69. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

70. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

71. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

March 15, 2021
By: /s/ Jack S. Malkin_____
Jack S. Malkin, Esq.
Ohio Bar Number: 0034018
20600 Chagrin Blvd., Suite 750
Shaker Heights, OH 44122
Tel: 216-751-7708
jmalkin23@hotmail.com
Attorney for Plaintiff

# **<u>EXHIBIT A</u>**

**Michael Hamblin**

June 28, 2020

Credit Collection Services
725 Canton St.
Norwood, MA 02062

RE: Labcorp collections account

To whom it may concern,

I received a notice on my credit karma account as to your activity. I have not received any notice from your company. I am therefore, writing to demand proof and dispute any debt(s) as of the date of this letter you may have of mine in your possession or are processing. In addition, I revoke any permission/consent either implied or expressed for you to contact me, my children or my family by phone.

Thank You,

Michael Hamblin

cc



# **EXHIBIT B**

# CREDIT COLLECTION SERVICES

725 Canton Street, Norwood, MA 02062
Monday - Friday: 8:00AM-8:00PM, Saturday: 9:00AM-5:30PM, ET

**CALL CENTER: (617) 581-1083**



15793 1 AB 0.425 T 42
MICHAEL W HAMBLIN

Date: 01/27/21
File Number: 08 0838 13769
Pin Number: 30417
007030531790
DOS: 03/10/2020

RE: MICHAEL W HAMBLIN

| CREDITOR: | AMOUNT OF THE DEBT: |
|---|---|
| LABCORP | $143.76 |

According to our client, the above referenced amount remains unpaid. As a result, your account has been placed with this office for collection. We look forward to working with you to resolve this matter. Thank you.

**Federal Law:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.


**CALL CENTER:** You can receive personal attention from a Customer Service Agent during the hours referenced at the top of this notice: (617) 581-1083.


**MAIL PAYMENT:** You can mail your check together with the payment stub portion of this notice. You can make your check payable to: LABCORP.


**MAIL OR FAX CORRESPONDENCE:** You can mail correspondence to: CCS P.O. Box 337, Norwood, MA 02062-0337 or fax to: (617) 658-5714. You can include a copy of this notice to avoid processing delays.

---

| File Number: 08 0838 13769<br>Pin Number: 30417<br>MICHAEL W HAMBLIN | AMOUNT OF THE DEBT:<br>$143.76 |
|---|---|

Do not mail post-dated checks. You can call (617) 581-1083 for personal attention. CCS may process payment as a one-time electronic funds withdrawal using information from your check.

CCS
PAYMENT PROCESSING CENTER
P.O. BOX 55126
BOSTON, MA 02205-5126

8988802900838137690000143760